# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **H.B.**

**No. 22-0484** (Kanawha County 21-JA-512)

## MEMORANDUM DECISION

Petitioner Father N.K.[1] appeals the Circuit Court of Kanawha County's May 31, 2022, order terminating his parental rights to H.B.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In March of 2021, the DHHR filed a third amended petition against petitioner and the mother alleging that the couple engaged in acts of domestic violence.[3] The DHHR further alleged that petitioner was the father of then-eighteen-month-old I.K. and that he and the mother emotionally and educationally neglected I.K. and two other children in the home who were not petitioner's biological children. Specifically, the DHHR alleged that petitioner physically abused one older child. At the preliminary hearing, petitioner moved the circuit court to return I.K. to his care. However, the court denied the motion, sustained the petition, and ordered petitioner to participate in parenting education classes, domestic violence counseling, anger management, and random drug and alcohol screens, and submit to a parental fitness evaluation.

Shortly thereafter, the guardian moved to suspend petitioner's supervised visits with I.K. after the child exhibited extreme distress during petitioner's visit and clearly did not want to be

---

[1]Petitioner appears by counsel Jason S. Lord. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Brittany Ryers-Hindbaugh. Sharon K. Childers appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]The underlying matter involved other children and adult respondents who are not at issue in this appeal. The DHHR filed numerous amended petitions, but only the relevant amended petitions are discussed throughout this memorandum decision. I.K., a child not at issue, is discussed below because petitioner was initially believed to be the father of that child, and petitioner initially participated in the proceedings as a respondent parent to that child.

near petitioner. Petitioner also made inappropriate comments during the visit such as the situation was "not his fault" and that I.K. would come home with him soon. Additionally, the guardian indicated that petitioner may not be the biological father of I.K. so paternity testing would need to be conducted. At an emergency hearing in late March of 2021, the court granted the guardian's motion and ordered paternity testing, which later showed that petitioner was not the biological father of I.K.

In April and June of 2021, the court conducted several in-camera interviews of older children in the home who reported physical abuse by petitioner and witnessing domestic violence between petitioner and the mother. The court adjudicated petitioner as an abusing and neglectful parent in June of 2021. The guardian moved to terminate petitioner's services, as he had told providers that he would not participate in them. Petitioner also failed to appear for the adjudicatory hearing but was represented by counsel.

The DHHR filed a fifth amended petition in August of 2021 after the mother gave birth to H.B. The DHHR alleged that petitioner was the father of H.B. but noted that paternity would need to be established. By January of 2022, paternity testing confirmed that petitioner is the biological father of H.B., and the DHHR filed a seventh amended petition naming him as the respondent father.

In March of 2022, the court held an adjudicatory hearing as to H.B., during which the DHHR presented evidence that petitioner refused to participate in services when I.K. was alleged to be his child and while the mother was pregnant with H.B. The DHHR also showed that petitioner had an extensive record of domestic violence with partners and admitted to self-medicating with marijuana to address anger issues. The court acknowledged that in June of 2021, testimony established that petitioner had anger control issues and that he failed to provide a safe living environment for the children due to emotional and physical abuse, as well as domestic violence with the mother. The court also noted that I.K. was afraid of petitioner and exhibited distress during her supervised visit with him. The court found that the allegations of abuse and neglect of other children in the home also applied to H.B. and adjudicated H.B. as an abused and neglected child.

The circuit court held a dispositional hearing in April of 2022, during which the court took judicial notice of all prior evidence. Petitioner moved for a post-dispositional improvement period. The circuit court noted that petitioner had not admitted any wrongdoing and that, due to his failure to participate in prior services, petitioner was unlikely to satisfy the terms and conditions of an improvement period. The court also noted petitioner's continued use of illicit substances. Consequently, the court denied petitioner's motion for an improvement period and terminated petitioner's parental rights to H.B.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner argues that the circuit court erred in terminating his parental rights without first granting services to petitioner after H.B.'s birth.

---

[4]The mother is deceased. The permanency plan for the child is adoption by the foster family.

Petitioner asserts that he was not provided with an opportunity to prove he could correct the conditions that gave rise to the petition against him. Petitioner contends that he did not initially participate in services during the proceedings because I.K. was not his biological child.

To obtain an improvement period under West Virginia Code § 49-4-610, the parent must first demonstrate that they are likely to fully participate in the improvement period. Simply put, the record shows that petitioner refused to participate in offered services and court-ordered drug testing. Petitioner's claim, that his refusal to participate should be excused because I.K. was eventually determined not to be his biological child, is belied by the fact that petitioner was on I.K.'s birth certificate, held her out as his daughter, was caring for her at the time of the petition's filing, requested that I.K. be returned to his custody at the preliminary hearing, and exercised supervised visitation with I.K. As such, the record shows that petitioner was named a respondent parent of I.K. yet refused to participate in services to address the serious allegations against him, including allegations of physical and emotional abuse of other children in his care. Notably, petitioner was aware that the mother was pregnant during the proceedings and that he was likely the father of the unborn child. As such, petitioner's continued participation was required, as he was adjudicated as an abusing parent and the petition against him had not been dismissed. Petitioner's obligation to participate as a named respondent parent was never extinguished, and petitioner's lack of participation in hearings, services, and court-ordered drug screens supports the circuit court's conclusion that he was unlikely to participate in the terms and conditions of a post-dispositional improvement period. Importantly, a circuit court has the discretion to deny a motion for an improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). Here, based on petitioner's noted noncompliance, the circuit court found improvement unlikely. As such, we find no error in the circuit court's decision to deny petitioner's motion for an improvement period.

For the same reasons, we find no error in the circuit court's termination of petitioner's parental rights. The DHHR presented strong evidence of petitioner's inability to correct the conditions of abuse and neglect in the near future, and it is clear that the evidence overwhelmingly supported the circuit court's findings regarding termination. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 31, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: April 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn